IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WINFIELD WILLIS, | : | |
| v. | : | |
| | : | Civil Action No. CCB-09-1455 |
| COUNTRYWIDE HOME LOANS SERVICING, L.P., | : | |

...o0o...

## MEMORANDUM

Now pending before the court is a motion to strike and/or dismiss plaintiff's amended complaint, filed by defendant Countrywide Home Loans Servicing, L.P. ("Countrywide"). On December 23, 2009, this court granted pro se plaintiff Winfield Willis leave to amend his complaint to include an allegation that Countrywide breached a contract to modify his mortgage, to identify the consideration for the contract, to specify the economic harm he suffered as a result, and to provide a legal basis for his predatory lending claim.[1] Mr. Willis filed an amended complaint on January 25, 2010 and Countrywide responded with this motion to strike/and or dismiss. Countrywide has not replied to Mr. Willis's opposition brief. Nevertheless, for the reasons stated below, Countrywide's motion will be granted.

## BACKGROUND

Mr. Willis has a residential mortgage loan on his Baltimore, Maryland home that is serviced by Countrywide. In December 2007, Mr. Willis realized that he would no longer be able to make payments on his mortgage because he was without work. After several months of phone calls with Countrywide employees, Mr. Willis was approved for a loan payment modification in April 2008.

---

[1] The court's earlier opinion, which dismissed most of Mr. Willis's claims, is incorporated by reference.

In September 2008, Mr. Willis contacted Countrywide to request another mortgage modification. A Countrywide employee informed Mr. Willis that he qualified for an additional modification plan through the Hope program and mailed him a promissory note with a letter explaining the program. The letter advised Mr. Willis that when he mailed back the promissory note, Countrywide would "process [his] paperwork quickly to bring [his] loan current." (*See* Compl. Ex. I at 1.) Mr. Willis signed the note and mailed it back to Countrywide, which received it on October 13, 2008.

Mr. Willis continued making payments for about four months, while contacting Countrywide each month to learn if the funds had been credited to his account. For three months, Countrywide employees told Mr. Willis that the funds would soon be credited. Finally, on March 17, 2009, a Countrywide employee informed Mr. Willis that the funds had not been credited because he was not eligible for a modification through the Hope program. The employee explained that Countrywide had mailed Mr. Willis the Hope plan paperwork in error. This message was confirmed by a follow-up call in April 2009, during which Mr. Willis spoke with a supervisor.

Mr. Willis filed suit against Countrywide on April 20, 2009 in the Circuit Court for Baltimore City. Countrywide removed the case to federal court and moved for judgment on the pleadings. On December 23, 2009, the court granted Countrywide's motion with respect to Mr. Willis's claims for breach of fiduciary duty, violation of the Maryland Consumer Protection Act, fraud, and discrimination.[2] The court also denied Mr. Willis's breach of contract claims relating to his servicing contract with Countrywide, but granted him leave to amend his complaint to plead a violation of the alleged modification contract received by Countrywide on October 13, 2008

---

[2] Mr. Willis's amended complaint contains the same claims that were previously denied. As the court has already adjudicated these claims on the merits and did not grant Mr. Willis leave to amend them, Counts II, III, IV, VII, VIII, IX, XI, XII, XV, XVI, and XVII will be stricken from the amended complaint.

("October 2008 contract"). In addition, Mr. Willis was granted leave to amend to provide a plausible legal basis for his predatory lending claim.

## **ANALYSIS**

"[T]he purpose of Rule 12(b)(6) is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (internal quotation marks and alterations omitted) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). When ruling on such a motion, the court must "accept the well-pled allegations of the complaint as true," and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir.1997). "Even though the requirements for pleading a proper complaint are substantially aimed at assuring that the defendant be given adequate notice of the nature of a claim being made against him, they also provide criteria for defining issues for trial and for early disposition of inappropriate complaints." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). To survive a motion to dismiss, the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level, ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and alterations omitted). Thus, the plaintiff's obligation is to set forth sufficiently the "grounds of his entitlement to relief," offering more than "labels and conclusions." *Id.* (internal quotation marks and alterations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, -- U.S. --, 129 S. Ct. 1937, 1950 (2009) (quoting Fed. R. Civ. P. 8(a)(2)).

*A. Breach of Contract Claim*

In his breach of contract claim, Mr. Willis now alleges that Countrywide breached its duty to credit his account pursuant to the October 2008 contract. Yet Countrywide argues that this alleged contract cannot be enforced because it was not supported by any new consideration. Contracts ordinarily require consideration to be binding and enforceable. *See Cheek v. United Healthcare of Mid-Atlantic, Inc.*, 835 A.2d 656, 661 (Md. 2003). Under Maryland law, consideration may consist of "a benefit to the promisor or a detriment to the promisee." *Id.* (internal quotation marks omitted). Past consideration, however, will not support a new agreement. *See Wickman v. Kane*, 766 A.2d 241, 246 (Md. Ct. Spec. App. 2001).

Mr. Willis's pledge to pay the amounts he already owed to Countrywide under the original mortgage agreement does not constitute new consideration to support the modification agreement. *See Glenwood Range Co. v. Universal Major Elec. Appliances*, 124 F. Supp. 103, 117 (D. Md. 1954) (noting that generally, "a debtor incurs no legal detriment and a creditor receives no benefit when the debtor pays that which he already owes"); *Wickman*, 766 A.2d at 246 ("explaining that "payment of a claim or debt that one already is obligated to pay, when the claim or debt is due and owing, ascertainable in amount, and not controverted, will not serve as consideration for an accord").

Courts that have enforced modifications without new consideration have done so when: (1) there is an honest dispute over the interpretation of the original contract and the modification represents an agreement or compromise between the parties to change the terms of the underlying contract and enter into a new contract; (2) modification is necessitated by substantial, unforeseen

4

difficulties that were not, and could not have been, contemplated by the parties at the time they entered into the original contract; or (3) one party's performance pursuant to the modification has been accepted by the other party. *See Berger v. Burkoff*, 92 A.2d 376, 379 (Md. 1952); *Linz v. Schuck*, 67 A. 286, 288-89 (Md. 1907); *Richard F. Kline, Inc. v. Shook Excavating & Hauling, Inc.*, 885 A.2d 381, 391-92 (Md. Ct. Spec. App. 2005); *Fantle v. Fantle*, 782 A.2d 377, 382 (Md. Ct. Spec. App. 2001).

In the present case, however, none of these circumstances applies. The purpose of the October 2008 contract was to address Mr. Willis's delinquency, not to clarify an interpretive dispute or replace the original mortgage agreement. In addition, although Mr. Willis may not have foreseen that he would be out of work and without an income for several months, the lender likely took into account the possibility of Mr. Willis's financial circumstances changing when it approved him for a mortgage. Finally, although Mr. Willis mailed Countrywide payments pursuant to the modification, it does not appear that Countrywide ever accepted these payments. Therefore, the October 2008 contract modifying the terms of the mortgage is not enforceable. As Mr. Willis's remaining breach of contract claims were already denied in the court's December 23, 2009 Order, all breach of contract claims (Counts I, VI, X, XIV) will be dismissed.

*B. Predatory Lending Claims*

Mr. Willis now alleges that Countrywide engaged in predatory lending in violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2607, and the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et. seq.* As discussed in the December 23, 2009 Memorandum, however, the statute of limitations has expired for these claims given that this lawsuit was filed more than three years after the mortgage was negotiated and effectuated. *See* 12 U.S.C. § 2614

(stating that there is a one-year statute of limitations for claims brought under 12 U.S.C §§ 2605, 2607, 2608); 15 U.S.C. § 1640(e) (specifying that there is a one-year statute of limitations for actions brought under this section). For the same reason, Mr. Willis's new claim (Count V) arising under 12 U.S.C. § 2605 of RESPA is also time barred. Accordingly, Counts V and XVIII will be dismissed.

## **CONCLUSION**

For the foregoing reasons, the defendant's motion to strike and/or dismiss the amended complaint will be granted. A separate Order follows.


<u>July 19, 2010</u>                                             <u>         /s/         </u>
Date                                                                   Catherine C. Blake
                                                                      United States District Judge